UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKVILLE DIVISION

| | |
|---|---|
| TERESA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 2:12-cv-0090 |
| ) | JURY DEMAND |
| PUTNAM COUNTY, TENNESSEE, and ) | JUDGE SHARP |
| JAMIE HUNTER, individually, ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

Comes the Plaintiff complaining of the Defendants and would show unto the Court:

1. <u>Jurisdiction</u>. This Court has jurisdiction to hear this case pursuant to Title 28 U.S.C. §§1331 and 1343, in that this case is brought under the authority of a Federal Law, Title 42 U.S.C. § 1983 for violations of rights guaranteed by the Fourth, Eighth and Fourteen Amendments to the United States Constitution.

2. <u>Parties</u>.

2.1 <u>Plaintiff</u>. The Plaintiff, Teresa Smith [Smith], is a resident of White County, Tennessee. At all times mentioned in this Amended Complaint, Smith was an inmate at the Putnam County Jail.

2.2 <u>Defendant</u>. The Defendant, Putnam County [Putnam County], is a local governmental entity established by the Laws of the State of Tennessee. Putnam County has as one of its entities the Putnam County Sheriff's Department [Department]. At all times mentioned in this

Amended Complaint, employees of the Department referred to in this Amended Complaint, were acting under color of law.

2.3     Defendant.  The Defendant, Jamie Hunter [Hunter], is a Deputy Sheriff for the Putnam County Sheriff's Department.  At all times mentioned in this Amended Complaint, Hunter was acting under color of law, as a Putnam County Deputy Sheriff.  She is sued individually.

2.4     Defendant.  The Defendant, Putnam County, has exclusive control of documents which reveal the exact date and time that the incidents cited in this Amended Complaint occurred.  The Plaintiff does not have access to these documents and therefore, must make generalized statements as to the date and times of the incidents during which the actions of the Defendants took place.  Plaintiff will amend her Complaint pursuant to Federal Rules of Civil Procedure, Rule 15(a) when these documents become available through normal Rule 26 discovery processes.

3.      Facts.  On or about September 9, 2011, Smith was incarcerated in the Putnam County Jail for a probation violation.  At the time she was incarcerated, jail personnel conducted an interview and determined that Smith suffered from psychological problems and was being treated with a number of prescribed medicines.

3.1     On about September 13, 2011, Smith began to suffer withdrawal symptoms as a result of not being given medicine previously prescribed by a physician.  Jail personnel then transferred her to the Moccasin Bend Mental Health Facility.  After several days of treatments, Smith was transferred back to the Putnam County Jail.

3.2     Shortly after Smith arrived at the Putnam County Jail, she experienced an extreme mental health episode.  Correction officers at the jail strapped Smith in a restraining chair.  During the placing of Smith in the chair, she was struck in the face and head.

3.3     While Smith was strapped to the restraining chair, Defendant, Hunter, tased her, even though Smith was obviously no threat to anyone while restrained.

3.4     At some point, Smith was taken to Cookeville Regional Hospital where she was treated for injuries and released back to jail.

4.      <u>Putnam County's Constitutional Violations</u>.  The previous paragraphs of this Amended Complaint are adopted in this section.

4.1     The Defendant, Putnam County's correction's officers used excessive force against the Plaintiff during the time she was being placed into the restraining chair, using unnecessary force by striking her.  Ms. Smith posed no objective threat to any of the officers who were attempting to place her in the chair.  Thus, this force was cruel and unusual, unreasonable and unnecessary and, in fact, an unwarranted infliction of punishment upon her in violation of the Eighth Amendment to the United States Constitution.  Such actions exhibited a deliberate indifference on the part of these correction's officers.

4.2     <u>Deliberate Indifference to Serious Medical Needs</u>.  By keeping Smith strapped to a restraining chair for two days, Putnam County correction officers violated contemporary standards of decency and unnecessarily subjected Smith, who had a serious mental health condition, to exposure to future medical harm in the form of physical illness and mental illness.  Such actions exhibited a deliberate indifference to Smith's present serious medical condition and

future serious medical condition in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

4.3	<u>Failure to Train</u>.  Putnam County violated Smith's due process rights under the Fourteenth Amendment to the United States Constitution by failing to properly train its correction officers on how to properly use a restraining chair.  Jail correction officers should have not kept Smith restrained for nearly 48 hours knowing Smith was mentally unstable.  This failure to properly train its officers on when and under what conditions an inmate should be restrained exhibits deliberate indifference to the possible serious medical conditions of the inmates confined in the Putnam County Jail.

4.4	Putnam County also failed to properly train its Deputy, Defendant Hunter, in the proper use and manner of employing a taser.  Putnam County was aware prior to this incident, that deputies issued tasers would more than likely be called upon to use them.  Yet knowing this, it failed to properly train its deputies on the proper use of the taser which was a causal reason for Hunter's improper and excessive use of her taser.  This failure to train was an act of deliberate indifference on the part of Putnam County and a direct cause of Ms. Smith's injuries and a violation of her Eighth and Fourteenth Amendment rights.

4.5	All of the aforementioned actions constitute a policy, custom or usage by the Putnam County Sheriff's Department, thus Putnam County itself.

5.	<u>Excessive Use of Force by Defendant Hunter</u>.  Defendant Hunter used a taser against Plaintiff Smith while she was strapped in a restraining chair and posed no threat to her or anyone else.  Such use of force was cruel and unusual, excessive, unnecessary and unreasonable and was

done to punish with deliberate indifference to the well being of Smith and in violation of Smith's Eighth and Fourteenth Amendment rights to be free from such actions.

6. Damages. As a direct and proximate result of the illegal actions of the Defendants heretofore set forth in this Amended Complaint, Smith suffered physical pain and suffering as well as mental anguish.

WHEREFORE, Plaintiff prays:

1. That she be granted a jury to decide this case.

2. That she be awarded compensatory damages that will compensate her for her great physical pain and emotional distress.

3. That she be awarded punitive damages against the Defendant Hunter for her intentional and malicious actions as heretofore set forth in this Amended Complaint, in an amount which will deter such future conduct.

4. That she be awarded attorney fees pursuant to Title 42 U.S.C. § 1988 of a reasonable nature for the prosecution of this case.

5. That she be awarded the cost of this case.

6. For such other and further relief as this Court may deem fit and proper.

Respectfully submitted,

/s/ Phillip L. Davidson

Phillip L. Davidson, #6466
2400 Crestmoor Road
Suite 107
Nashville, Tennessee 37215
(615) 386-7115

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served electronically to

Putnam County, Tennessee
c/o Kim Blaylock, County Executive
Room 8
300 E. Spring St.
Putnam County Courthouse
Cookeville, TN 38501

Jamie Hunter
c/o Putnam County Sheriff's Department
421 E. Spring St.
Suite 1031
Cookeville, TN 38501

on this day.

/s/ Phillip L. Davidson

Phillip L. Davidson